LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION

Plaintiff Yana Gorenstein filed the present action pursuant to the Class Action Fairness Act against Defendant Ocean Spray Cranberries, Inc. for unfair competition and false advertising under California Business & Professions Code sections 17200 and 17500, et seq. In this lawsuit, Plaintiff claims that Ocean Spray has engaged in fraudulent, deceptive, and unfair business practices in violation of California law by mislabeling and fraudulently marketing its Cranberry & Pomegranate Juice product. Consumers are allegedly misled by the content of the label and by misleading marketing practices, including the presentation of information through Ocean Spray's website.

Defendant now moves to dismiss the labeling claim on the ground that it is preempted by the Federal Food Drug and Cosmetic Act (FFDCA) and to dismiss the marketing claim because it fails to meet the requirements of Rule 9(b), Fed. R. Civ. P. For the reasons discussed below in greater detail, the motion to dismiss the labeling claim is **GRANTED** because Plaintiff's state law claims are preempted by the FFDCA and related regulations. The motion to dismiss the marketing claim is **DENIED** because the complaint states the substance of the fraud claim with sufficient specificity to satisfy the requirements of Rule 9(b).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

## II.
## BACKGROUND

Recently, pomegranates and cranberries have become popular among health conscious consumers because of their high antioxidant capacity. (Id. ¶ 14.) This has led to the development of juice drinks and blends that incorporate the juices from these fruits in their recipes, including a product offered by Ocean Spray, a leading producer of canned and bottled juice drinks in North America. (Compl. ¶ 12.)

According to Plaintiff, Ocean Spray, in an effort to take advantage of the increased demand for cranberry and pomegranate juice (id. ¶ 15), on April 30, 2007, issued a press release, touting two new cranberry juice combinations "with a healthy duo of antioxidant fruits," one of which was Defendant's "Cranberry & Pomegranate 100% Juice." (Id. ¶ 16.) According to the press release, the Cranberry Pomegranate Juice focused on "those seeking a healthy boost" and emphasized the benefits of cranberries and pomegranates, "antioxidant powerhouse fruits." (Id.)

Plaintiff challenges these statements and contends that Defendant has deceptively labeled its Cranberry and Pomegranate Juice product. (Id. ¶¶ 2-3.) Gorenstein contends that the Cranberry & Pomegranate Juice label misleads consumers by suggesting that the juice consists primarily of cranberry and pomegranate juice when, in truth, the principal constituents of the product are much cheaper apple and grape juice. She further contends that the label contains pictures of cranberries and pomegranates, the words "Cranberry & Pomegranate" and the words "100% Juice." Gorenstein does not claim that the label violates federal standards and seeks no interpretation or application of federal law. (Compl. ¶ 21.) Rather, she contends that the Federal Food Drug and Cosmetic Act (FFDCA) and related regulations set a floor but not a ceiling on the content of the product's label and that she is seeking to enforce state law claims that focus on naming and labeling features that "are voluntary and not required by FDA regulations . . . ." (Id. ¶ 23.) Plaintiff contends that similar misleading statements and claims are made by Ocean Spray through its website and other marketing and promotional activities.

## III.
## DISCUSSION

**A. PREEMPTION OF THE LABELING CLAIM**

Through its preemption argument, Defendant contends that the labeling claim on its face fails to state a claim on which relief can be granted and presents a question of law that can be resolved on a motion to dismiss. A court may dismiss a complaint under Rule 12(b)(6) if it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–61 (2007).  With respect to the labeling claim, the only question is whether the FFDCA preempts state laws that deal with juice drink labels.  The Court concludes that it does and that it does so expressly and not through implication.

Federal labeling requirements are set forth in the Federal Food, Drug, and Cosmetic Act ("FFDCA").  21 U.S.C. § 343, which bears the title "Misbranded Food," provides in pertinent part that "[a] food shall be deemed to be misbranded – [i]f its labeling is false or misleading in any particular . . . ."  Section 343 thereafter lists numerous federal requirements for the labeling of food, including, for present purposes, rules regarding the prominence of FDA-required wording on the label and the use of common or usual names of food, and the identification of the constituents of beverage blends.  The following section, 21 U.S.C. § 343-1, in furtherance of the creation of national uniform labeling standards, expressly preempts state laws of the type found in the numerous subsections of 21 U.S.C. § 343, including Sections 343(f) which relate to the prominence of information on a products label, and 343(i)(1) and (2) which regulate the labeling of juice blends among other things.[1]   The preemption provision states:

> no State or political subdivision of a State may directly or indirectly establish under authority or continue in effect as to any food in interstate commerce . . . any requirement for the labeling of food of the type required by [various sections of the FFDCA] that [are] ***not identical to*** the requirement of such section . . . .

21 U.S.C. § 343-1(a)(2)-(3) (emphasis added).  The meaning of "not identical to" is set forth in the applicable regulations:

> "Not identical to" does not refer to the specific words in the requirement but instead means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food, or concerning a food container, that:
>
> > (i) Are not imposed by or contained in the applicable provision (including any implementing regulation) of section 401 or 403 of the act; or

---

[1] The related FDA regulations of multiple juice blends also contain detailed requirements as to the proper labeling of such products.  See 21 C.F.R. § 102.33(b), (c), (d), & (e).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

          (ii) Differ from those specifically imposed by or contained in the applicable provision (including any implementing regulation) of section 401 or 403 of the act.

The statute preempts not only state statutes and regulations, but also common law duties and responsibilities. In re Pepsico, Inc. Bottled Water Marketing and Sales Practices Litigation, 588 F. Supp. 2d 527, 532 (S.D.N.Y. 2008) quoting Bates v. Bow Agrosciences, L.L.C., 544 U.S. 431, 443 (2005).

      In this case, Plaintiff concedes that she is not attempting to enforce any federal standard, which she contends merely sets a floor on Defendant's labeling responsibilities,[2] and seeks to impose broader liability on Ocean Spray. (E.g., Compl. ¶¶ 20-24.) In other words, she is attempting to impose duties that are "not imposed" by the federal regulatory scheme or that "differ from" the obligations of federal statutes or regulations. For those reasons, her labeling claim is expressly preempted under 21 U.S.C. § 343-1(a)(1) – (3). See POM Wonderful LLC v. The Coca Cola Co., 2009 U.S. Dist. LEXIS 65233, *21 (C.D. Cal 2009) (finding that plaintiff's state law claims, which attempted to impose requirements different from the naming and labeling requirements in the FFDCA and implementing regulations, were preempted); Pepsico, 588 F. Supp. 2d, at 537.[3] The motion to dismiss the labeling claim is **GRANTED**. Moreover, because

---

[2] Plaintiff's complaint expressly references Wyeth v. Levine, 129 S. Ct. 1187, 1202 (2009), for the proposition that compliance with minimum requirements "is necessary but is not sufficient to determine if a product's label is false and misleading and simply does not provide a shield from liability." Wyeth is not controlling precedent in this case. Wyeth was a failure to warn case involving the injection of an anti-nausea drug directly into a patient' vein through an IV port. When the Plaintiff contracted gangrene, allegedly through the IV use of the medication, her forearm had to be amputated. Plaintiff then brought a state law claim for failure to provide adequate warning; Wyeth argued that its warning met FDA requirements and that the state claim was preempted. The Supreme Court rejected the preemption argument, held that federal law did not preempt state law pertaining to adequacy of the warning and allowed the judgment to stand. The case is distinguishable because it focuses on pharmaceuticals and addresses the question of preemption through regulation as opposed to statute. The Supreme Court noted that Congress had not clearly given the FDA authority to preempt state law in the area, that the FDA itself had earlier noted that state law was not an impediment to its mission, and that FDA standards established a floor but not a ceiling on labeling requirements. Here, as discussed below, Congress has expressly preempted state regulation of juice labels and precludes states from imposing any requirements that are different from federal requirements.

[3] Plaintiff cites POM Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112 (C.D. Cal. 2009) which held that federal law does not preempt a Section 17200 claim for mislabeling. The

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

the Court's ruling is based on a question of law as opposed to a failure to state facts, the motion is granted **WITHOUT LEAVE TO AMEND**.

**B. SUFFICIENCY OF THE WEBSITE AND PRESS RELEASE CLAIMS**

  Ocean Spray argues that Plaintiff's claims for unfair competition and false advertising as to the 2007 press release and website do not comply with Rule 9(b) of the Federal Rules of Civil Procedure. Controlling precedent holds that Rule 9(b)'s heightened pleading standard governs claims of unfair competition under California Business & Professions Code section 17200. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Similarly, Rule 9(b)'s heightened pleading standard governs claims of false advertising that are grounded in fraud. POM Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112, 1124 (C.D. Cal. 2009); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). To satisfy Rule 9(b), Plaintiff must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). For the reasons set forth below, Plaintiff's claims as to the website and press release meet the heightened pleading standard of Rule 9(b).

  On April 30, 2007, Defendant released a press statement making representations that Ocean Spray's "Cranberry & Pomegranate 100% Juice" purports to combine two "antioxidant powerhouse fruits," pomegranates and cranberries, into a single juice product and implying that the product primarily contains these juices. (Compl. ¶ 15-17.) Commencing in April 2007 and continuing until present, Defendant made representations on its website, located at www.oceanspray.com, that the juice contained "100% Cranberry & Pomegranate" and that Defendant "combined two anti-oxidant powerhouses, the cranberry and the pomegranate." (Id. at ¶ 16, 24-25.) Plaintiff asserts that both of Defendant's representations were false or fraudulent because they deceived consumers, including Plaintiff, into believing they were purchasing high quality juice with high amounts of cranberry and pomegranate juices. Plaintiff alleges that she relied on the packaging, advertising, website and other promotional materials prepared and approved by Ocean Spray when she chose to purchase the juice product. (Id. ¶¶ 10-11.) However, because the juice actually contains very little or no pomegranate juice, Plaintiff overpaid for Ocean Spray's product. (Id. ¶ 4.) These allegations are sufficient to establish the "time, place, and specific content" requirements of Rule 9(b). Defendant is plainly on notice of

---

case is not controlling and the Court does not find its reasoning persuasive. In the Court's view, the reasoning of Pepsico and POM Wonderful v. Coca Cola correctly identifies and enforces the Congressional objectives set forth in 21 U.S.C. § 343-1.

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5925-GAF | Date | December 18, 2009 |
|---|---|---|---|
| Title | Gorenstein v. Ocean Spray Cranberries, Inc. | | |

the basis for the claim, that statements that make up the claim, and the content of those statements that is allegedly false and misleading. Defendant's Motion to Dismiss Plaintiff's claims as to the press release and website is **DENIED**.

## IV.
## CONCLUSION

The motion to dismiss the false labeling claim is **GRANTED WITHOUT LEAVE TO AMEND** because it is preempted by federal law. The motion to dismiss the marketing claims is **DENIED**.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer